UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| SUBPOENA TO TESTIFY AT A ) | |
| DEPOSITIONIN A CIVIL ACTION ) | |
| ISSUED TO THOMAS JEFFERSON ) | MISC NO. 1:17-mc-00007-TSE-IDD |
| HIGH SCHOOL FOR SCIENCE & ) | |
| TECHNOLOGY ) | (D. Mass. Case No 1:14-cv-14176-ADB) |

BRIEF IN SUPPORT OF
MOTION OF NON-PARTY THOMAS JEFFERSON HIGH
SCHOOL FOR SCIENCE & TECHNOLOGY TO QUASH SUBPOENA

Students for Fair Admissions, Inc. ("SFFA") filed suit against the President and Fellows of Harvard College ("Harvard") in the United States District Court for the District of Massachusetts on November 17, 2014, alleging, among other things, that Harvard "employed and are employing racially and ethnically discriminatory policies and procedures in administering the undergraduate admissions program at Harvard College[.]"  Compl. at 1 (attached hereto as Exhibit B).  Thomas Jefferson High School for Science & Technology ("Thomas Jefferson High School") is a public high school located in Fairfax County, Virginia and is operated by Fairfax County Public Schools ("FCSB").  Thomas Jefferson High School and FCSB are not parties to the discrimination action and had no involvement in that litigation in the District of Massachusetts until receiving a Subpoena to Testify at a Deposition in a Civil Action on February 27, 2017, attached as Exhibit A ("Subpoena").  Thomas Jefferson High School is mentioned in just one paragraph in the 505 paragraph Complaint and that one reference is not related to any specific instances of racial discrimination in the admissions process at Harvard and alleges no connection between Thomas Jefferson High School and alleged racial discrimination at Harvard.  *See* Ex. B at ¶ 245.

1

The Subpoena seeks testimony from a 30(b)(6) representative of Thomas Jefferson High School and requests testimony and production of documents regarding the following topics:

Topic No. 1: The racial composition of applicants, admitted persons, or enrollees to Harvard [University].

Topic No. 2: Harvard's use of race in the admissions process.

Topic No. 3: Communications to, from, or copying Harvard regarding the use of race in the admissions process.

Topic No. 4: Alleged discrimination by colleges, including but not limited to Harvard, against persons of Asian descent from Thomas Jefferson High School for Science & Technology in the college admission process.

Topic No. 5: Communications concerning SFFA, the Plaintiff and its Representatives (including, but not limited to, Edward Blum), the Complaint, or this action (before or after it was filed).[1]

The Subpoena's document requests cover the period of September 1, 2011 to present, six years, with the exception of Request 4, which seeks documents from an unlimited time period.[2]

## JURISDICTIONAL STATEMENT

The Subpoena was issued by the United States District Court for the District of Massachusetts and notices a deposition to take place in Arlington, Virginia. Pursuant to Federal Rule of Civil Procedure 45(d)(3), the court for the district where compliance is required has jurisdiction over a motion to quash the subpoena. Fed. R. Civ. P. 45(d)(3). Accordingly, the United States District Court for the Eastern District of Virginia has jurisdiction to decide this motion.

## LEGAL STANDARD

While the scope of permissible discovery is broad, it is not unlimited, particularly where, as here, the discovery request is made to a non-party. *See* Fed. R. Civ. P. 26 & 45; *Intelligent*

---

[1] Subpoena at 5 & 8-9.
[2] Subpoena at 8-9.

*Verification Systems, LLC v. Microsoft Corp.*, 2014 WL 12544827, at * 1 (W.D. Va. Jan. 9, 2014) (status of a person as a non-party weighs against disclosure). And where subpoenas seek the testimony of individuals who have no knowledge of the facts at issue, there is no proper basis for proceeding with the depositions and the subpoenas should be quashed. *Spacecon Specialty Contractors, LLC v. Bensinger*, 2010 WL 3927783, at *2 (D. Colo Oct. 1, 2010); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002). In addition, discovery requests seeking testimony that is likely to be duplicative or cumulative of discovery already provided or that can be obtained from a source that is more convenient, less burdensome, or less expensive is likewise outside of the bounds of permissible discovery, particularly for a non-party. Fed. R. Civ. P. 26(b)(2)(C); *Capetta v. GC Services Ltd. P'ship*, 2008 WL 5377934, at *5 (E.D. Va. Dec. 24, 2008).

The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to the subpoena." *Bell Inc. v. GE Lighting, LLC*, 2014 WL 1630754, at *11 (W.D. Va. 2014). (quoting Fed. R. Civ. P. 45(d)(1)). Where discovery is sought from a non-party, the burden which is incurred by the non-party in responding must be weighed against the relevance of the material sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. *See Bell*, 2014 WL 1630754, at *12. A subpoena "that is so overbroad that compliance with it[s] demands will necessarily require production of irrelevant evidence, seeks evidence outside the scope of Rule 26(b)(1)." *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, 2016 WL 10716, at *5 (E.D. Va. Mar. 17, 2016).

**ARGUMENT**

### I. The Subpoena Should Be Quashed Because Compliance Would Place an Undue Burden on FCSB, a Non-Party.

Responding to the Subpoena would place enormous and undue burden and expense on FCSB, a non-party. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). The deposition topics and documents requested in the subpoena are very broad. Topic 4, for example, is not limited to Harvard but extends to alleged discrimination by any college or university, without any time limitation. The FCSB would have to divert significant resources from its Department of Information Technology—away from serving schools—to respond to this and other requests, and to pay attorneys to review the documents for responsiveness, privilege, and personal student information. This would divert significant monetary and staff resources away from serving students even though, as explained below, any relevant documents and information requested from Thomas Jefferson High School could be obtained from Harvard itself. Devoting staff time to searching for the broad categories of information requested (which is not likely to exist in any event) and testifying at a deposition would materially detract from Thomas Jefferson High School and FCSB's mission of educating students.

### II. The Subpoena Should Be Quashed Because It Seeks Information That Could Be Obtained From Defendant or Publicly Available Sources and That Is Not Relevant to Issues Raised in the Lawsuit.

It is not apparent why SFFA seeks to impose the burden of responding to this subpoena on Thomas Jefferson High School and FCSB when it can obtain the documents and information from other sources. Indeed, Topic 1 seeks "the racial composition of applicants, and admitted persons, or enrollees to Harvard," which is information that is in the possession of Defendant Harvard, is publicly available, or both. Similarly, Topic 3 and Request 3 seek information and documents about communications between Harvard and Thomas Jefferson High School

4

"regarding Harvard's use of race in the admissions process." If there are any communications responsive to this request, they would by definition be communications with Harvard and in its possession; as such, they should be requested from and produced by (or perhaps have already been produced by), Defendant Harvard. Imposing this duplicative and cumulative document production of the very same communications will only have the effect of unduly burdening non-parties Thomas Jefferson High School and FCSB. *See* Fed. R. Civ. P. 26(b)(2)(C) (a court may limit discovery if "the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit."). During the Rule 37(E) conference, counsel for SFFA acknowledged that SFFA is seeking these documents from Harvard. At a minimum, SFFA is required to obtain and review that discovery before imposing a burden on a non-party to provide the same information.

      SFFA has also failed to demonstrate how the documents and information sought from Thomas Jefferson High School are relevant to its claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). For example, Request 2 seeks communications involving Thomas Jefferson High School employees "regarding Harvard's use of race in the admissions process." But Thomas Jefferson High School is not a party to the case and no students from Thomas Jefferson High School are the subject of the alleged discrimination. *See generally* Complaint, attached hereto as Exhibit B. It thus is unclear how or why Thomas Jefferson High School employees would have any information relevant and whatever information they do possess would be duplicative of Harvard's information and disproportionately burdensome to obtain from Thomas Jefferson High School instead of Harvard.

Request 4 seeks documents even further removed from SFFA's claims: analyses and other documents regarding racial discrimination by *any* college or university in the United States, not limited to Harvard. Ex. A at 5, 9. This request is overly broad given SFFA's apparent focus on discrimination at Harvard.

Topic 5 and Request 5, which broadly seek information about any "[c]ommunications concerning SFFA, the Plaintiff and its Representatives (including, but not limited to, Edward Blum), the Complaint, or this action (before or after it was filed)," particularly those with other non-parties, cannot possibly be relevant. *See* Ex. A at 5, 9. There is no allegation in the Complaint that Thomas Jefferson High School or its students were involved in the alleged discrimination or acted improperly as it relates to SFFA's claim; thus, these requests are not relevant to its claims and defenses and are not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *See In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, 2016 WL 10716, at *5 (E.D. Va. Mar. 17, 2016).

A party may not use the subpoena process to engage in a fishing expedition. Fed R. Civ. P. 26(g)(1)(B)(iii); *Gilbertson v. Jones*, 2016 WL 6518659, at *2 (E.D. Va. Sept. 22, 2016) (noting that an attorney requesting discovery must certify the proportionality of the request with respect to the needs of the case, prior discovery, the amount in controversy, and the importance of the issues at stake). Thomas Jefferson High School is not involved in any of the underlying facts relating to SFFA's complaint, and as noted above, it is entirely unclear how any discovery from Thomas Jefferson High School would be relevant to SFFA's claims. And any information that is relevant to SFFA's claims about admissions at Harvard can and should be in Harvard's possession and, therefore, can and should be obtained from Harvard. Thus, the discovery sought is not only irrelevant, but also disproportionate to the needs of the case, as the burden and

6

expense that would be placed on Thomas Jefferson High School and FCSB in responding to the Subpoena far outweighs its likely benefit.

Finally, the Subpoena purports to require production on behalf of Thomas Jefferson High School's "employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of these entities or individuals." Ex. A at 7. Thomas Jefferson High School and FCSB do not have control over all of these individuals, and are not required to produce documents that are not within their custody or control.

### III. The Subpoena Should Be Quashed Because It Requests Attorney Client Privileged Information and Confidential Student Records.

SFFA's broad requests seek the disclosure of several categories of protected information to which it is not entitled. The Court is required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The Subpoena defines "You" and "Your" as Thomas Jefferson High School's "members, directors, officers, employees, agents, consultants, representatives, *attorneys*, and any other persons acting for or on behalf of these entities or individuals." Ex. A. at 7 (emphasis added). This definition of "You" and "Your" includes within the request attorney-client communications that are an improper subject of a subpoena. *See* Ex. A, Doc. Requests 1-2. Further, the Subpoena seeks documents that may include confidential information regarding Thomas Jefferson High School's students, including grades, test scores, and other sensitive information.

### IV. The Subpoena Should Be Quashed Because It Fails to Allow Reasonable Time for Compliance.

In addition to being defective for all of the reasons stated above, the Subpoena fails to allow a reasonable time for Thomas Jefferson High School to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). The Subpoena seeks the production of broad categories of documents covering a

7

substantial time period of a month.  Four weeks is simply insufficient time for Thomas Jefferson High School and FCSB to search for, review, and produce this information (if it even exists) with its limited staff and resources.

## CONCLUSION

For the foregoing reasons, FCBS on behalf of non-party Thomas Jefferson High School respectfully requests that this Court issue an order quashing the Subpoena and awarding the moving party its attorneys' fees and costs.

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 37(E)

Prior to filing this motion and consistent with Local Civil Rule 37(E), counsel for FCSB spoke with counsel for SFFA on March 22, 2017 in a good faith attempt to resolve this matter without court intervention, but was unable to do so.

Date:  March 28, 2017

Respectfully Submitted,

HOGAN LOVELLS US LLP

OF COUNSEL:
Maree F. Sneed
Michele E. Gutrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Tel:  (202) 637-5600
Fax:  (202) 637-5910
Maree.sneed@hoganlovells.com
Michele.gutrick@hoganlovells.com

By:  _____/s/_____

Christopher T. Pickens (VSB No. 75307)
Park Place II, Ninth Floor
7930 Jones Branch Drive
Mclean, VA 22102-3302
Tel: (703) 610-6100
Fax: (703) 610-6200
Christopher.pickens@hoganlovells.com

*Counsel for the Fairfax County School Board on behalf of Thomas Jefferson High School for Science & Technology*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2017, a true copy of the foregoing was sent via electronic and first class mail, postage prepaid, to the following:

Michael H. Park
Consovoy McCarthy Park PLLC
3 Columbus Circle, 15th Floor
New York, NY 10024
(646) 456-4432
Email: park@consovoymccarthy.com

Benjamin C. Caldwell
Burns & Levinson LLP
One Citizens Plaza
Suite 1100
Providence, RI 02903
401-831-8330
Email: bcaldwell@burnslev.com

/s/
Christopher T. Pickens (VSB No. 75307)
HOGAN LOVELLS US LLP
Park Place II, Ninth Floor
7930 Jones Branch Drive
Mclean, VA 22102-3302
Tel: (703) 610-6100
Fax: (703) 610-6200
christopher.pickens@hoganlovells.com

*Counsel for the Fairfax County School Board on behalf of Thomas Jefferson High School for Science & Technology*