IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| SUBPOENA TO TESTIFY AT ) | |
| A DEPOSITION IN A CIVIL ) | |
| ACTION ISSUED TO ) | Misc. No. 1:17-mc-00007-TSE-IDD |
| THOMAS JEFFERSON HIGH SCHOOL ) | |
| FOR SCIENCE & TECHNOLOGY, ) | (D. Mass. Case No 1:14-cv-14176-ADB) |
| ) | |

## REPLY IN SUPPORT OF CROSS MOTION TO TRANSFER

Fairfax County Public Schools' ("FCPS") opposition to Students for Fair Admissions' ("SFFA") motion to transfer is both legally and factually unpersuasive. FCPS provides no evidence to support its claim that it will face significant burdens if its discovery motion is transferred to the District of Massachusetts. Nor could it—FCPS's motion is fully briefed, it has hired a global law firm with attorneys barred in the District of Massachusetts, and its extra costs will be, at most, travel between Washington, DC and Boston. And contrary to FCPS's assertions otherwise, the interests of judicial economy and avoiding inconsistent decisions *are* relevant to this Court's analysis under Rule 45(f), and, in fact, strongly support a transfer here. The District of Massachusetts has far more extensive knowledge of the facts and relevant documents in this case (most of which are under seal) and that court will soon be addressing the *exact* issues raised by FCPS when it resolves a similar motion brought by Boston Latin School. The Court should grant SFFA's motion to transfer.

### ARGUMENT

FCPS asks the Court to deny SFFA's motion to transfer because (1) transferring the case will impose an undue burden, as FCPS may have to travel to attend a motions hearing in Boston

which will cost money; (2) SFFA's interest in promoting judicial economy and avoiding inconsistent resources are legally irrelevant to this Court's analysis under Rule 45(f); and (3) even if SFFA's interests are relevant, they do not outweigh FCPS's interests in keeping this motion in the Eastern District of Virginia. These arguments all fail.

*First*, FCPS argues that the Court should not transfer the action because "requiring [FCPS] to go into court in Massachusetts to litigate the motion to quash imposes an undue burden on it"—namely, that FCPS would have to "spend … more money litigating this dispute in another district, which may require travelling to Boston for a hearing." Opposition to Motion to Transfer and Reply in Support of Motion to Quash ("Opp.") at 14-15. As an initial matter, the marginal cost to FCPS of litigating this one discovery motion in Boston as opposed to here are insubstantial and have almost certainly been exceeded by the cost of opposing SFFA's motion to transfer. The briefs are already written and the motion will likely be resolved in a single hearing. FCPS also could lower its costs by seeking the accommodations that are often available to non-parties. *See* SFFA Memorandum in Support of Motion to Transfer ("Transfer Mot.") at 6; Committee Notes to Rule 45(f) (encouraging judges to "permit telecommunications methods to minimize the burden a transfer imposes on nonparties"). FCPS has provided no affidavits or evidence to show it faces any meaningful financial or logistical burden if it needs to litigate this motion in Boston. This is not surprising, given that FCPS has a multi-billion-dollar budget and has hired a global law firm to represent it in this matter. *See* Transfer Mot. at 6.[1]

---

[1] This case is clearly distinguishable from the two cases FCPS cites. *See* Opp. at 15 n.8. The law firm representing FCPS has attorneys barred in the District of Massachusetts, so there is no need to "incur the expense of obtaining local counsel," *Platinum Properties Inv'r Network, Inc. v. AMCO Ins. Co.*, 2015 WL 5883819, at *6 (D. Kan. Oct. 8, 2015), and SFFA's interests are weightier than those of the respondent in *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, which failed to "identify any disputes similar to the one before [the] court" that were pending in the issuing court, 2014 WL 272088, at *3 n.3 (E.D. Pa. Jan. 24, 2014).

FCPS argues in a footnote that the Court should not transfer the case because a student might object to the release of his or her records under the Family Educational Rights and Privacy Act ("FERPA"). *See* Opp. at 15 n.9. But FERPA applies only to educational records with "personally identifiable information." 20 U.S.C. § 1232g(b)(2). It is well-settled that "[t]here is nothing in FERPA that would prohibit [a school] from releasing education records that had all 'personally identifiable information' redacted." *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 293 (E.D.N.Y. 2008); *see United States v. Miami Univ.*, 294 F.3d 797, 824 (6th Cir. 2002) (same). Because it appears that FCPS will redact all "personally identifiable information" from any records it produces, *see* Opp. at 1, 11, this concern will never arise.[2]

*Second*, FCPS argues that SFFA's interests in transferring the action to "conserve judicial resources" and "avoid inconsistent rulings" are irrelevant to the Court's analysis under Rule 45(f). Opp. at 15. Instead, FCPS contends, the Committee Notes to Rule 45 require that "'[t]ransfer is only appropriate if the interests in avoiding disruption of the issuing court's management of the underlying litigation outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.'" Opp. at 13-14 (purporting to quote Fed. R. Civ. P. 45 Advisory Committee's Note to Subdivision (f)). Because SFFA cannot meet this "disruption" standard, FCPS contends, the motion to transfer should be denied.

---

[2] Moreover, FCPS's new FERPA arguments flatly contradict its prior position. In its motion to quash, FCPS claimed that SFFA was on a "fishing expedition" and was demanding that FCPS search for "broad categories of information" that are "not likely to exist." Brief in Support of Mot. to Quash at 4, 6. Yet FCPS now claims an undue burden because so many relevant documents exist that it might need to prepare FERPA notices "to perhaps hundreds of parents or guardians of current and former TJHS students." Opp. at 6. FCPS either has relevant information or it does not—it cannot have it both ways. In any event, the fact that FCPS now believes that the documents it possesses may be relevant to *hundreds* of students merely reinforces SFFA's arguments about the importance and relevance of its subpoena.

FCPS is wrong for several reasons. To begin, FCPS ignores the text of Rule 45(f) itself, which grants the court broad authority to transfer the action if it concludes that "exceptional circumstances" exist. FCPS contends that the Committee Notes constrain the Court's discretion to a single factor (disruption of the court's management of the underlying litigation), *see* Opp. at 13-16, but this misreads the Notes.[3] "The Advisory Committee Notes do not provide an exhaustive list of all circumstances in which transfer is appropriate under Rule 45(f)," but they instead "formulate a balancing test in which the court considers whether the circumstances favoring transfer outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *6 (D. Nev. Aug. 15, 2014) (citation omitted). In weighing these considerations, courts routinely find that the interests of judicial economy and preventing inconsistent decisions are decisive. *See, e.g.*, *Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016) ("The Court concludes that transferring the motion to the Northern District of Georgia promotes judicial economy, prevents inconsistent judicial decisions, and does not impose any meaningful burden on [Respondents]. Thus, exceptional circumstances exist for transfer of the motion.") (citation omitted); *Valle del Sol, Inc. v. Kobach*, 2014 WL 3818490, at *4 (D. Kan. Aug. 4, 2014) ("[A]ny burden to Kobach imposed by a transfer to the District of Arizona is outweighed by the importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts and issues to rule on these matters. Accordingly, Petitioners have

---

[3] FCPS misquotes the Notes as saying "disruption of the issuing court's management of the underlying litigation" is the only relevant factor. Opp. at 13-14. The Notes say no such thing. The only reference in the Notes to disruption is the statement that "transfer *may* be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Committee Notes to Rule 45(f) (emphasis added).

demonstrated exceptional circumstances."); *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (same); *Agincourt Gaming, LLC*, 2014 WL 4079555, at *8 (same); *FTC v. A+ Fin. Ctr., LLC*, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (same). This Court should do the same.

Even if disruption of the underlying litigation were the only concern this Court could consider—which it is not—SFFA would still satisfy that standard. Fact discovery is set to close on June 20, 2017, and no fewer than eight discovery motions are currently pending before the Court—one of which is a motion to quash from Boston Latin School. *See* Ex. A (Boston Latin School's Motion to Quash), Ex. B (SFFA Letter Motion). SFFA also is seeking to conduct additional depositions of Harvard, in addition to the depositions of the four high schools (including Thomas Jefferson High School). It thus makes sense to put FCPS's motion before the District of Massachusetts so that the court and the parties can coordinate the timing and scope of discovery. Conducting discovery outside of that court's purview increases the risk of disrupting the management of this litigation. Moreover, inconsistent rulings on the scope of discovery from the high schools would introduce unnecessary confusion to the case.

*Finally*, FCPS briefly argues that SFFA's interests in judicial economy and avoiding inconsistent results (even if proper for the Court to consider) do not outweigh FCPS's interest in litigating the motion in Virginia. These arguments fail. SFFA contends that an issuing court "will always be more familiar with discovery issues in the case," and so this factor should receive little weight. Opp. at 16. But this minimizes the complexities of this case. It has been pending for nearly two and a half years, the Court has already resolved numerous discovery disputes between the parties, and many more are now pending. In addition, most of the filings to date have been under seal pursuant to a protective order and Harvard's designation of materials as "confidential"

and "highly confidential – attorney's eyes only," and so the District of Massachusetts is uniquely aware of the key facts of this case. *See* Doc. 6-6 at 6-12 (protective order). The District of Massachusetts thus is "in the better position to determine if [SFFA's] document requests are relevant to their … claims." *Cadence Pharmaceuticals, Inc. v. Multisorb Technologies, Inc.*, 2016 WL 4267567, at *6 (W.D.N.Y. Aug. 15, 2016); *see also Patriot Nat'l Ins. Group v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 175, 176 (N.D.N.Y. 2013) ("[B]ecause the primary argument by Oriska in objecting to the subpoena is that the documents sought are not relevant, and the court with the most familiarity with the case is better positioned to determine whether the documents are indeed relevant, it follows that the court with the most familiarity could also better balance whatever relevance exists against the need to protect Oriska as a non-party."). A transfer also will avoid burdening this Court with the myriad issues that arise when dealing with confidential and highly-confidential materials.

FCPS's assertion that there is no risk of inconsistent decisions likewise is unconvincing. Currently pending before the District of Massachusetts is *a nearly identical* motion from Boston Latin School involving *nearly identical* discovery requests from SFFA. *See* Ex. A (Boston Latin School Motion to Quash); Doc. 6-4 (SFFA Subpoena to BLS). In light of the minimal burden FCPS would face by litigating this discovery motion in Boston, there is little reason for this Court to duplicate, and possibly disrupt, the efforts of the District of Massachusetts.

## CONCLUSION

For the foregoing reasons, the Court should transfer this action to the District of Massachusetts.

- 7 -

Dated: April 17, 2017

Respectfully submitted,

By: /s/ J. Michael Connolly

J. Michael Connolly (VA 77632)
Bryan K. Weir (VA 82787)
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Tel: 703.243.9423
Fax: 703.243.9423
mike@consovoymccarthy.com
bryan@consovoymccarthy.com

Michael H. Park
CONSOVOY MCCARTHY PARK PLLC
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: 212.247.8006
park@consovoymccarthy.com

*Counsel for SFFA*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017, a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

    Christopher T. Pickens (VSB No. 75307)
    HOGAN LOVELS US LLP
    Park Place II, Ninth Floor
    7930 Jones Branch Drive
    Mclean, VA 22102-3302
    Tel: (703) 610-6100
    Fax: (703) 610-6200
    christopher.pickens@hoganlovells.com

    *Counsel for the Fairfax County School Board on behalf of Thomas Jefferson High School for Science & Technology*

    /s/ J. Michael Connolly
    J. Michael Connolly