# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Students for Fair Admissions, Inc. ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> President and Fellows of Harvard College ) <br> (Harvard Corporation) ) <br> ) <br> Defendant. ) <br> ) | Docket No: 1:14-cv-14176-ADB |

## NON-PARTY BOSTON LATIN SCHOOL'S MOTION TO QUASH PLAINITFF'S SUBPOENA

Boston Latin School ("BLS"), a non-party in the above-captioned matter, by and through counsel for the school district, the Boston Public Schools ("BPS"), respectfully moves this Court for an order quashing the subpoena served upon BLS by Plaintiff pursuant to Federal Rule 45(d)(3)(A). See attached, Exhibit 1. The summons requires one or more officers, directors, or managing agents or other designee to testify and produce documents pertaining to protected and otherwise personal and private student information regarding college applications submitted by BLS students to Harvard College, with a particular focus on students of Asian race or heritage. The subpoena poses an undue burden on the non-party witness; seeks information otherwise obtainable and already received through party discovery and other sources; seeks irrelevant information; creates a chilling effect as a matter of public policy; and invokes serious privacy concerns under state and federal law. As such, BLS respectfully requests that the court QUASH the subpoena served upon it by Plaintiff in this matter.

## IV. CONCLUSION

WHEREFORE, the Boston Latin School respectfully moves this Court for an order quashing and vacating the witness summons and subpoena for testimony and documents served upon it by Plaintiff.

>Respectfully submitted,
>BOSTON LATIN SCHOOL,
>By and through the City of Boston
>and its Public Schools,
>By its attorney,
>Eugene O'Flaherty, Corporation Counsel
>
>_____
>Jennifer N. Seich Kelly, Esq.-BBO#675785
>Asst. Corporation Counsel
>Boston Public Schools-Office of Legal Advisor
>2300 Washington Street, 4TH floor
>Roxbury, MA 02119
>Tel: (617) 635-9320
>Jkelly8@bostonpublicschools.org

Dated: April 6, 2017

### CERTIFICATE OF SERVICE

I, Jennifer Seich Kelly, hereby certify that the foregoing Motion to Quash upon all registered ECF/CM participating attorneys and by first class mail to the Plaintiff's attorney of record and by e-mailing such copy on April 6, 2017:

| | |
|---|---|
| Benjamin C. Caldwell, Esq. | Felicia H. Ellsworth, Esq. |
| Burns & Levinson LLP | Wilmer Hale |
| Counsel for Plaintiff | Counsel for Defendant |
| 1 Citizens Plaza, Suite 1100 | 60 State Street, |
| Providence, RI 02903 | Boston, MA 02109 |
| bcaldwell@burnslev.com | Felicia.Ellsworth@wilmerhale.com |

_____
Jennifer N. Seich Kelly

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Students for Fair Admissions, Inc. )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>President and Fellows of Harvard College )<br>(Harvard Corporation) )<br>)<br>   Defendant. )<br>_____ ) | Docket No: 1:14-cv-14176-ADB |

## NON-PARTY BOSTON LATIN SCHOOL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH THE PLAINTIFF'S SUBPOENA

### I. FACTUAL STATEMENT & PROCEDURAL HISTORY

Upon information and belief, Plaintiff SFFA, Inc. filed suit against Defendant ("Harvard") in the U.S. District Court for Massachusetts on or about November 17, 2014, alleging racial and/or ethnic discrimination practices and procedures relative to Harvard's undergraduate admissions. BLS is not a party to this case, and has had no other involvement in the lawsuit or litigation since its inception. On or about February 27, 2017, BLS received a deposition and document production subpoena in this matter. See attached, Exhibit 1. Plaintiff's Complaint has not referenced BLS specifically, other than generally in paragraph 115 related to Harvard's alleged docketing system of applicants from a variety of schools. See Compl. at 115. The subpoena nonetheless seeks very specific, private information related to the race of BLS students who applied or were admitted to Harvard, and any correspondence between BLS and Harvard regarding same over a six-year period. See Exhibit 1.

### II. LEGAL STANDARDS

While the scope of discovery is broad, it is not unlimited, particularly in the case of discovery requests to non-parties. See Fed.R.Civ.P 26(b) advisory committee notes (1983) & 45.

1

For example, Fed.R.Civ.P. 26(c) provides that, upon a showing of good cause, the presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 45(c)(3)(A)(iv) commands that a court **shall** quash or modify a subpoena if the subpoena "subjects a person to undue burden." See also *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003). "Although discovery is by definition invasive…non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998) (referencing *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed.Cir.1993); *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir.1980); *Addamax Corp. v. Open Software Found., Inc.,* 148 F.R.D. 462, 468 (D.Mass.1993)).

Discovery requests seeking testimony that is likely to be duplicative or cumulative of discovery already provided, or that can be obtained from a source that is more convenient, less burdensome, or less expensive is also outside the bounds of permissible discovery and is therefore limited, especially for a non-party. See Fed.R..Civ.p. 26(b)(2)(c); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.,* No. MDL 13-2419-FDS, 2013 WL 6058483 (D. Mass. Nov. 13, 2013). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a [non-party] subject to the subpoena." Fed.R.Civ.P. 45(d)(1); *Massachusetts Nurses Ass'n v. Radius Specialty Hosp., LLC,* No. CV 14-13686-FDS, 2016 WL 6090713, at *3 (D. Mass. Oct. 18, 2016) (citing *Noel v. The Bank of New York Mellon,* 2011 WL 3279076, at *2 (S.D.N.Y. July 27, 2011) ("non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative")).

2

In addition, a party may not use the subpoena process as a fishing expedition. See Fed.R.Civ.P. 26(g)(1)(b)(iii). Court must apply a set of general principles and parties "have a correlative obligation to tailor interrogatories to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989). Where subpoenas seek testimony of unknown individuals with unknown knowledge of the facts at issue, there is no proper basis for proceeding with a deposition, and the motion for same should be quashed. See *Spaceon Specialty Contractors, LLC v. Bensinger*, 2010 WL 3927783, at *2 (D. Colo. Oct. 1, 2010); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D.Del. 2002).

### III. ARGUMENT

#### a. The subpoena should be quashed because it seeks information available from Defendant and/or other or publicly accessible sources, and seeks information irrelevant to the issues raised in the Plaintiff's Complaint

As a party to the case, Defendant Harvard should be in possession of the information now sought by the subpoena to the non-party witness, BLS, if any such information exists.[1] For example, the subpoena's Rule 30(b)(6) topic of deposition examination lists as # 1 seeking the "racial composition of applicants, admitted persons, or enrollees to Harvard" should be available from Harvard, who would have an affirmative obligation to respond to, defend, or answer such request for information. Additionally, where deposition examination topic # 2 seeks "Harvard's use of race in the admissions process," the obvious best source of this discovery request would be the depositions of Defendant Harvard's personnel. Similarly, the general and generic topic listed in document request #1, "[t]he racial composition of applicants, admitted persons, or enrollees to

---

[1] Upon information and belief, Defendant has in fact produced voluminous discovery, much of which is now being requested of BLS and which is under heavy protective order for the precise reasons BLS now articulates.

3

Harvard," would best be produced by Defendant Harvard's personnel and/or records, and should even be available as public record in part (re: aggregate data of total admitted persons or enrollees broken down by race; such data is routinely disseminated by Harvard and other secondary educational institutions). Furthermore, document request # 3 seeking correspondence "to, from, or copying Harvard" would indeed therefore be in Harvard's possession and obtainable by and through the Defendant, a party to the case.

Finally, the Plaintiff has failed to demonstrate how the documents and testimony sought from BLS are relevant to its claims or defenses, and proportional to the needs of the case. There are no allegations that BLS or its students were involved in any alleged discrimination or other improper acts. Therefore, the requests contained in the subpoena are irrelevant, disproportionate to the needs of Plaintiff's case given the availability of other means to obtain same, and are nothing more than a fishing expedition.

Where less expensive and less burdensome means are available to procure the information from a party to the lawsuit, and where the requests at issue are irrelevant, and for all the reasons cited above, the subpoena to BLS should be quashed.

### b. *The subpoena should be quashed because it places an undue burden on non-party BLS*

Responding to the Plaintiff's subpoena in terms of time and resources places an undue burden and expense on non-party BLS. The deposition topics and document requests are very broad and span a number of years. BLS would be forced to divert a number of resources and personnel – from the school, the Office of Instructional & Informational Technology (OIIT), the Office of Human Capital, the Office of Legal Advisor and others – away from serving the children of the school and district in order to respond to a request in a case where it is not a party. It would be fruitless to devote such time and resources to a request which most likely will fail to produce

4

any information at all, let alone information would be useful, not duplicative, or not protected by privacy laws. Furthermore, Plaintiff has provided no proof that it has met its obligation to "take reasonable steps to avoid imposing undue burden or expense on a [non-party] subject to the subpoena." *Bell Inc. v. GE Lighting*, LLC, 2014 WL 1630754, at *11 (W.D. Va. 2014) (quoting Fed.R.Civ.P. 45(d)(1)). As such, the subpoena for same should be quashed.

### c. The subpoena should be quashed because there has been no allegation or proof of a reasonable belief that a witness from BLS would have knowledge of the facts at issue

A party may not use the subpoena process as a fishing expedition. See Fed.R.Civ.P. 26(g)(1)(b)(iii). Where subpoenas seek testimony of unknown individuals with unknown knowledge of the facts at issue, there is no proper basis for proceeding with a deposition, and the motion for same should be quashed. See *Spaceon Specialty Contractors, LLC v. Bensinger*, 2010 WL 3927783, at *2 (D. Colo. Oct. 1, 2010); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D.Del. 2002). The Plaintiff has failed to demonstrate what knowledge or information, if any, that non-party BLS possesses which would be relevant to its claims or defenses, and proportional to the needs of the case. There are no allegations that BLS or its students were involved in any alleged discrimination or other improper acts. In fact, BLS is mentioned but once, in paragraph 115, and merely in passing and along with a reference to approximately 22 other schools. See Compl. at 115. Therefore, the requests contained in the subpoena are irrelevant, disproportionate to the needs of Plaintiff's case given the availability of other means to obtain same, and are nothing more than a fishing expedition. As such, the motion should be quashed.

### d. The subpoena should be quashed because it seeks and requests confidential student record information and/or would create a chilling effect as a matter of public policy

5

The information sought in both testimony and records is subject to the protections of the Family Educational Rights and Protections Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99), a Federal law that protects the privacy of student education records. Generally, schools must have written permission from the parent or eligible student in order to release any information from a student's education record. Pursuant to 34 CFR § 99.31, FERPA allows schools to disclose those records, without consent, to the following parties or under the following conditions only: school officials with legitimate educational interest; other schools to which a student is transferring; specified officials for audit or evaluation purposes; appropriate parties in connection with financial aid to a student; organizations conducting certain studies for or on behalf of the school; accrediting organizations; to comply with a judicial order or lawfully issued subpoena; appropriate officials in cases of health and safety emergencies; and state and local authorities, within a juvenile justice system, pursuant to specific State law. Neither these parties nor circumstances are present in the current action. Additionally, pursuant to 34 CFR § 99.37, schools may disclose, without parental or student consent, only "directory" information such as a student's name, address, telephone number, date and place of birth, honors and awards, and dates of attendance. Again, this is not the type of information which has been requested in the current action.

Finally, as a matter of public policy, producing such information, if it exists, would create an absolute "chilling effect" on the students and families of BLS who utilize the school's assistance and services for college application processes. Such information is personal and private to students and their families relative to their educational or other future endeavors.

As such, for the reasons described above, the subpoena for such documentary and testimonial information should be quashed.

6

Respectfully submitted,
BOSTON LATIN SCHOOL,
By and through Boston Public Schools,
By its attorney,
Eugene O'Flaherty, Corporation Counsel,

_____
Jennifer N. Seich Kelly, Esq.-BBO#675785
Asst. Corporation Counsel
Boston Public Schools-Office of Legal Advisor
2300 Washington Street, 4TH floor
Roxbury, MA 02119
Tel: (617) 635-9320
Jkelly8@bostonpublicschools.org

## CERTIFICATE OF SERVICE

I, Jennifer Seich Kelly, hereby certify that the foregoing Motion to Quash upon all registered ECF/CM participating attorneys and by e-mail to the Plaintiff's attorney of record and by e-mailing such copy on April 6, 2017:

Benjamin C. Caldwell, Esq.
Burns & Levinson LLP
Counsel for Plaintiff
1 Citizens Plaza, Suite 1100
Providence, RI 02903
bcaldwell@burnslev.com

Felicia H. Ellsworth, Esq.
Wilmer Hale
Counsel for Defendant
60 State Street,
Boston, MA 02109
Felicia.Ellsworth@wilmerhale.com

_____
Jennifer N. Seich Kelly, Esq.

# EXHIBIT 1

Case 1:17-mc-00007-TSE-IDD Document 14-1 Filed 04/17/17 Page 12 of 20 PageID# 362
Case 1:14-cv-14176-ADB Document 272 Filed 04/06/17 Page 11 of 19

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| Students for Fair Admissions, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-cv-14176-ADB |
| President and Fellows of Harvard College (Harvard Corporation) | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Boston Latin School
78 Avenue Louis Pasteur, Boston, Massachusetts 02115
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: BURNS & LEVINSON LLP<br>125 Summer Street, Boston, MA 02110 | Date and Time:<br>04/07/2017 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/27/2017

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Students for Fair Admissions, Inc. _____, who issues or requests this subpoena, are:
Benjamin C. Caldwell (BBO #675061), Burns & Levinson LLP, One Citizens Plaza, Suite 1100, Providence, RI 02903, 401-831-8330, bcaldwell@burnslev.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:17-mc-00007-TSE-IDD Document 14-1 Filed 04/17/17 Page 13 of 20 PageID# 363
Case 1:14-cv-14176-ADB Document 272 Filed 04/06/17 Page 12 of 19

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:14-cv-14176-ADB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

The instructions, rules of construction, and definitions set forth in Rules 26, 30, and 45 of the Federal Rules of Civil Procedure and in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein as if fully set forth.

## DEFINITIONS

"Communication" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(1).

"Complaint" means the Complaint SFFA filed in this action on November 17, 2014.

"Concerning" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(7). Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

"Harvard" means Harvard College and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

"Including" means including but not limited to.

"Plaintiff" or "SFFA" means Students for Fair Admissions, Inc. and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

The term "race" means race, ethnicity, or national origin.

"Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

"Representative" means any and all agents, servants and employees.

4

"You" and "Your" means Boston Latin School and its members, directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

## RULE 30(b)(6) TOPICS OF EXAMINATION

1. The racial composition of applicants, admitted persons, or enrollees to Harvard.

2. Harvard's use of race in the admissions process.

3. Communications to, from, or copying Harvard regarding the use of race in the admissions process.

4. Alleged discrimination by colleges, including but not limited to Harvard, against persons of Asian descent from Boston Latin School in the college admissions process.

5. Communications concerning SFFA, the Plaintiff and its Representatives (including, but not limited to, Edward Blum), the Complaint, or this action (before or after it was filed).

## SCHEDULE B

The instructions, rules of construction, and definitions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein as if fully set forth.

## DEFINITIONS

"Communication" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(1).

"Complaint" means the Complaint SFFA filed in this action on November 17, 2014.

"Concerning" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(7). Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

"Harvard" means Harvard College and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

"Including" means including but not limited to.

"Plaintiff" or "SFFA" means Students for Fair Admissions, Inc. and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

The "present" means the date on which Your responses to these requests are submitted.

The term "race" means race, ethnicity, or national origin.

"Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

"Representative" means any and all agents, servants and employees.

"You" and "Your" means Boston Latin School and its members, directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

## INSTRUCTIONS

1. In responding to these document requests, You shall produce separately all documents in Your possession, custody, or control, including documents in the possession, custody, or control of Your agents and representatives.

2. Any request concerning a partnership, limited liability company, or corporate entity includes its subsidiaries, affiliates, employees, members, agents, representatives, or attorneys.

3. Unless stated otherwise, requests concerning applications, admitted students, and enrolled students are limited to the application, admission, and enrollment of freshman and transfer undergraduate students at Harvard College.

4. The term "or" is to be read in both the conjunctive and disjunctive and shall serve as a request for documents that would be responsive under a conjunctive reading in addition to all documents that would be responsive to a disjunctive reading.

5. If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were provided together with their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such document responds. If

7

4824-1829-7412.1

You claim privilege or any other objection with regard to only part of a document, produce the part as to which there is no objection.

6. If any document or copy was, but is no longer in Your possession, custody, or subject to Your control, please state and specify in detail for each such document: date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it and the identity of all persons having knowledge of the contents thereof.

7. Produce all documents in complete form, as kept in the normal course of business, and identify the file from which each document was taken.

8. This Request for Production principally seeks documents and information prepared, sent, provided, received, in possession during, or relating to, the time period beginning with September 1, 2011, and continuing throughout the pendency of this litigation, or relating to this time period whenever prepared. Any request seeking documents from this time period refer to the "Relevant Period." Any request seeking documents beyond the Relevant Period refer to documents "from any time."

9. These requests shall be deemed to be continuing so as to require supplemental answers from time to time until the date of trial.

## DOCUMENTS TO BE PRODUCED

1. All documents from the Relevant Period prepared by You concerning the racial composition of applicants, admitted persons, or enrollees to Harvard.

2. All communications from the Relevant Period by or among Your employees or agents regarding Harvard's use of race in the admissions process.

4824-1829-7412.1

3. All communications from the Relevant Period to, from, or copying Harvard regarding the use of race in the admissions process.

4. All reports, examinations, accounts, analyses, complaints, or other documents from any time describing alleged discrimination by colleges, including but not limited to Harvard, against persons of Asian descent from Boston Latin School in the college admissions process.

5. All communications during the Relevant Period concerning SFFA, the Plaintiff and its Representatives (including, but not limited to, Edward Blum), the Complaint, or this action (before or after it was filed).

9